David Cushing
1734 Almond Rd
Vineland, NJ 08360
(267) 595-6578

Davidjcushing@protonmail.com
Debtor/Plaintiff Pro Se

IN THE UNITED STATES BANKRUPTCY COURT - DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:**<br>David Cushing, Debtor | BK Case No. 25-22945-ABA<br>Chapter 13<br>AP # |
| David Cushing, Plaintiff<br>**v.**<br>Lakeview Loan Servicing;<br>Freedom Mortgage Corporation;<br>Greentree Mortgage Company L.P.;<br>FEDERAL HOUSING ADMINISTRATION;<br>Nationstar Mortgage LLC DBA Mr.Cooper;<br>US Bank, N.A., Trustee for Ginnie Mae<br>REMIC Trust 2017-002; **Does 1-10**;<br>Defendants | ADVERSARY PROCEEDING<br>COMPLAINT TO DISALLOW<br>CLAIM 1-1 OF Lakeview Loan<br>Servicing and Mr. Cooper<br>Hon. Judge Andrew B. Altenburg Jr.<br>11 USC § 502; FRBP 3007<br>FRBP 7017; FRCP 17<br>15 USC 1635; 15 USC 1640 |

David Cushing, plaintiff, herein alleges:

1. This is an adversary proceeding to Disallow the Claim of Lakeview Loan Servicing ("Lakeview") and **Mr Cooper** ("Mr Cooper") as Servicer, for lack of Standing as a claimed Secured Creditor or even unsecured creditor of a paid-off loan, for recently discovered Fraud by alleged Forged Documents, etc.

2. The original Lender "Greentree Mortgage Company, L.P." ('GREENTREE") used the Note signed by the Cushings to fund the alleged FHA Loan and then placed the Loan into the Ginnie Mae REMIC Trust 2017-002 ("Ginnie Mae Trust 2017-002") (US Bank, NA Trustee), but its Servicer and amount owed is unknown.

3. Debtor hired private investigator Joseph Esquivel, who discovered the loan was in Ginnie Mae's database in Ginnie Mae Trust 2017-002, but did not see if it was repurchased by Greentree and the rights then sold for a debt paid off.

4. **If Greentree sold the loan, it had to Prepay it from the Trust**

5. **It is standard procedure for FHA to place loans into Ginnie Mae Trusts.**

6. **Exhibit 6: "Ginnie Mae's mortgage-backed securities (MBS) program is the conduit for FHA-insured mortgage lending"**

## If Greentree sold the loan, it had to Prepay it from the Trust

7. If a significant number of loans in the Trust "defaulted", Greentree may have "repurchased" them and may have also purchased this loan from the trust, as allowed on page S-6 of the Offering Circular Supplement (page 103 of document 1-2), which would have made it prepaid. Greentree could not have resold the loan if it hadn't repurchased it from the Ginnie Mae Trust 2017-002.

8. Here is the wording from page S-6 (p.103 of doc 1-2)(p/6 of Exhibit 11): "Under certain circumstances, a Ginnie Mae issuer has the right to repurchase a defaulted mortgage loan from the related pool of mortgage loans underlying a particular Ginnie Mae MBS certificate, the effect of which would be comparable to a prepayment of such mortgage loan."

9. The Loan was placed into the Ginnie Mae Trust 2017-002, and is either still owned by the Ginnie Mae Trust 2017-002 or GreenTree prepaid it and sold the rights to try to collect the loan, even though it was paid off.

10. Debtor/Plaintiff wants to learn the status of the loan, and, if it is owed to the Ginnie Mae Trust 2017-002, Plaintiff intends to pay Ginnie Mae Trust 2017-002.

11. If, on the other hand, Greentree repurchased the loan, it was paid off, and Debtor/Plaintiff does not owe the subsequent assignees.

## THE LAKEVIEW/MR COOPER CLAIM IS UNSECURED

**Debtor either owes** Ginnie Mae Trust 2017-002 or the loan was paid off by Greentree — **in either case, Lakeview/Mr Cooper are not secured and no debt is owed to them.**

12. The Claim by Lakeview/Mr Cooper claims to be secured, but it is not secured by a property that Debtor/Plaintiff owns because, after Plaintiff's FHA Loan was placed into the Ginnie Mae Trust 2017-002 about 2017, an Assignment was Void or

Voidable that was recorded on 12/29/21 as Instrument # 638408 Book: 04220 Page: 3601 (Exhibit 3), and the 2 subsequent Assignments were thus also void or voidable (Exhibit 4 and 5).

13. The Mortgage (Exhibit 9) on a Note (Exhibit 8) that was paid off cannot be assigned and nothing is owed to an assignee.

14. MERS online database shows no investor for MIN# 1002221-0003006053-5.

**THIS BANKRUPTCY WAS REQUIRED TO STOP ABUSE OF PROCESS BY LAKEVIEW / MR COOPER WHO WANT TO FORECLOSE UNDER FALSE PRETENSES.**

15. After Plaintiff's FHA Loan was placed into the Ginnie Mae Trust 2017-002 about 2017 by Greentree Mortgage, an Assignment was Void or Voidable that was recorded on 12/29/21 as Instrument # 638408 Book: 04220 Page: 3601, and the 2 subsequent Assignments were thus also void or voidable.

16. If Greentree repurchased the Loan from the Trust, it was paid off and nothing more was owed.

17. Greentree did not sign, produce or record the 12/29/21 Assignment, but rather it was allegedly fabricated by Freedom Mortgage using an alleged VP of MERS, claiming that MERS was Nominee for Greentree, whereas MERS was no longer Nominee for Greentree after Greentree placed the loan into the Ginnie Mae Trust 2017-002 about 2017.

18. On 11/17/2023 I, Plaintiff filed a Complaint in New Jersey Superior Court, as Case # LCV20251425450 Docket # CUM-L-000347-25, but the New Jersey Superior Court delayed issuing the Summons to allow Service and to allow even an ExParte TRO.

19. Debtor had to file this Bankruptcy to stop their Abuse of Process, because Defendants are trying to foreclose under false pretenses.

## II. VENUE

20. Venue is proper pursuant to 28 U.S.C. § 1391 because this is the district in which a substantial part of the events giving rise to the claim occurred (28 USC 1391(b)(2)).

3

ADVERSARY PROCEEDING TO DISALLOW **CLAIM 1-1 OF** LAKEVIEW AND **MR. COOPER**

1. This adversary proceeding is one arising in the Debtor's case 25-22945-ABA presently pending under chapter 13 of title 11 of the United States Code and assigned to the Honorable Andrew B. Altenburg Jr. The Court has jurisdiction of this adversary proceedings pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(B),(E), (K), (N), and (O).  2. Under the provisions of 28 U.S.C. §§ 1408 and 1409, venue of this proceeding is proper in the above-entitled court.

2. Plaintiff hereby invokes 28 U.S.C. 1367 to grant this Court of Record additional Jurisdiction to adjudicate state issues, if involved.

### III. PROPERTY MENTIONED IN THIS COMPLAINT

23.  The subject Property referred to in this Complaint is commonly known as 1734 Almond Rd, Vineland, NJ  08360, Assessor Parcel # 14 02101-0000-00061 (hereafter, "PROPERTY").

24. The Legal Description is

ALL that certain tract or parcel of land, situated, lying and being in the City of Vineland, County of Cumberland, State of New Jersey, more particularly described as follows:

Beginning in the center of Almond Road at the distance of 260 rods West of the intersection of the centers of said Almond Road and Malaga Road; thence (1) along the center of Almond Road, North 82 degrees West, 10 rods; thence (2) North 8 degrees East, 80 rods to a stake; thence (3) South 82 degrees East, 10 rods to a stake; thence (4) South 8 degrees West, 80 rods to the center of Almond Road aforesaid and place of Beginning.

NOTE: Being Lot: 61, Block: 2101; Tax Map of the City of Vineland, County of Cumberland, State of New Jersey."

### IV. PARTIES

25. Plaintiff/Debtor David  Cushing owns and resides at the PROPERTY.   Plaintiff was granted ownership of the property by a Grant Deed recorded 1/6/2017  as Instrument # 523034 Book: 04148 Page: 9358.  (Exhibit 1)

26. The alleged loan in question was an alleged mortgage for a Single-Family Residential Property that is the primary residence of Plaintiff, but the FHA loan, with the Note and Mortgage, was placed into Ginnie Mae Trust 2017-002 about 2017 .   All subsequent Assignments to other parties are Void or Voidable.

ADVERSARY PROCEEDING TO DISALLOW **CLAIM 1-1 OF** LAKEVIEW AND **MR. COOPER**

27. Defendant  Lakeview Loan Servicing LLC ("Lakeview") has conducted business in New Jersey and is a New Jersey Corporation, and as a consequence of their actions has submitted itself to and is within the persona jurisdiction of this court.   Lakeview alleges to be the current servicer,  Plaintiff believes that Lakeview is actually a Debt Collector that purchased the alleged Debt without any right to it, because it is owned by Ginnie Mae Trust 2017-002.

28. Defendant Freedom Mortgage Corporation ("Freedom") has conducted business in New Jersey and is a New Jersey Corporation, and as a consequence of their actions has submitted itself to and is within the persona jurisdiction of this court. Freedom was the Grantee of the first Assignment by Greentree on 12/29/2021, after the loan was placed into Ginnie Mae Trust 2017-002 about 2017.

29. Defendant Greentree Mortgage Company L.P. ("Greentree") has conducted business in New Jersey and is a Delaware Limited Partnership, and as a consequence of their actions has submitted itself to and is within the persona jurisdiction of this court.  Greentree was alleged to be the original lender and was the alleged Grantor in the first Assignment to Freedom on 12/29/2021 by MERS as Nominee for Greentree.

30. Defendant FEDERAL HOUSING ADMINISTRATION ("FHA") has conducted business in New Jersey and is a Federal Government Entity, and as a consequence of their actions has submitted itself to and is within the persona jurisdiction of this court.  FHA is sued mainly for discovery purposes.  The Current mortgage was an FHA loan, which is normally placed into a Ginnie Mae Trust, and was discovered to actually be in the database of the Ginnie Mae Trust 2017-002.

31. Defendant Nationstar Mortgage LLC DBA Mr.Cooper ("Mr. Cooper") has conducted business in New Jersey and is a DBA of Nationstar, an LLC of Delaware, and as a consequence of their actions has submitted itself to and is within the persona jurisdiction of this court. was the Grantee of the second

ADVERSARY PROCEEDING TO DISALLOW **CLAIM 1-1 OF** LAKEVIEW AND **MR. COOPER**

Assignment by Freedom on 2/9/2022, after the loan was placed into Ginnie Mae Trust 2017-002 about 2017,

32. Defendant US Bank, N.A., Trustee for Ginnie Mae REMIC Trust 2017-002 ("Ginnie Mae Trust 2017-002") has conducted business in New Jersey and is a National Association acting as Trustee, and as a consequence of their actions has submitted itself to and is within the persona jurisdiction of this court. US Bank Trustee for Ginnie Mae Trust 2017-002 is sued mainly for discovery purposes.

## IV. GENERAL ALLEGATIONS

33. Plaintiff alleges that Defendants/alleged Creditors do not have Standing to file a Claim for multiple reasons enumerated above:

34. Plaintiff would suffer a loss, if their Claim 1-1 is not denied, and this Bankruptcy is unjustly dismissed.

## I MAIN CORE CAUSE OF ACTION

### REQUEST FOR ORDER TO DISALLOW CLAIM # 1-1

(Against Lakeview and Mr Cooper)

35. Debtor re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Plaintiff alleges that neither Lakeview nor Mr Cooper have Standing to file a Claim (# 1-1) for multiple reasons enumerated above:

37. Plaintiff would suffer a loss, if Claim #1-1 is not denied, and this Bankruptcy is unjustly dismissed.

38. Debtor hereby objects to the accuracy and veracity of Defendant's Claim.

39. Claim #1-1 is incomplete, as section 2 was not answered.

40. Debtor hereby alleges that such Proof of Claim was filed in violation of 18 U.S.C. §§ 157 and 3571.

18 U.S.C. §§ 157 A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—

(1)files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;

6

(2)files a document in a proceeding under title 11; or

(3)makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title, shall be fined under this title, imprisoned not more than 5 years, or both.

41. Plaintiff asks the Court to issue an Order to Disallow Claim 1-1.

## CAUSE OF ACTION II

### EQUITABLE CANCELLATION OF ASSIGNMENTS
(Lakeview, Freedom, Greentree, Mr Cooper)

7.   Debtor re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein

8.   Debtor alleges that the Assignment of it in 2021 is void or voidable .

9.   Debtor is seeking damages for unfair and deceptive business practices, accounting irregularities. Debtor contends the damages are greater than the amount owed and eliminate the current balance and seek a cancellation of deed.

10.   This fatal defect renders Respondants' third party strangers to the underlying debt, and without the power or right to demand payment, declare default, negotiate the loan and foreclose on the property.

11.   Debtor filed this bankruptcy, only after researching the following information: (1) got copies of recorded documents from the Country Records; (2) Had direct oral and written communications with Respondants; (3) News articles, research reports, complaints by Attorneys General from numerous states, publicly available securitization documents and practices; (4) Professional review of the Assignment of Deed of Trust; and (5) had a Professional Auditor analyze signatures on the Deed of Trust.

12.   Based upon the research and the Audit, Debtor believes and thereon alleges that the 2021 Assignment was forged and Lakeview / Mr Cooper have no legal, equitable, or monetary interest in his Promissory Note such that it can demand payment from Debtor.

ADVERSARY PROCEEDING TO DISALLOW **CLAIM 1-1 OF** LAKEVIEW AND **MR. COOPER**

13. Further, Debtor believes there is a break in the chain of title and it will be determined that the Note and wither Deed of Trust (original or forged) were not properly conveyed to Lakeview / Mr Cooper because the 2021 Assignment was forged and invalid, (2) The 2021 Assignment of the Mortgage was invalid because the Loan, with the note and Mortgage were previously placed into the , .

14. Neither Lakeview nor Mr Cooper, were holder in due course of any Note or Deed of Trust.

15. Debtor is not asking for a FREE HOUSE, but rather declines to pay someone masquerading as a creditor. Debtor is willing to pay Ginnie Mae Trust 2017-002 when it is determined how to pay them and they file a proper claim.

16. Additional allegations are made, such as violations of New Jersey Code ,.

17. Debtor only learned of these misrepresentations after it was reported to her by Private Investigator Joseph Esquivel.

18. Until that time, the information had been secreted from Debtor, and therefore the claims are not time barred;

19. Debtor requests the Court to declare the 2021Assignment VOID, as well as the subsequent Assignments.

### III Third Cause of Action
### SLANDER OF TITLE
### (all Respondants)

20. Debtor re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21. Generally, one must prove the following to bring a legally sufficient claim of Slander of Title: a) There was communication to a third-party of: i) A false statement; ii) Derogatory to another's title; iii) With malice; and iv) Causing special damages.

22. Because of the above-enumerated violations of Law , false statements in the Assignments were recorded which were derogatory to Debtor's title, and were signed knowing that they were false allegations, which were maliciously done with possible fraud, with an intent to slander title.

8

ADVERSARY PROCEEDING TO DISALLOW **CLAIM 1-1 OF** LAKEVIEW AND **MR. COOPER**

23.     There are no UCC 1 Financial Statements perfecting personal property interest in the Accommodated Deed of Trust contract enforcement rights with the Secretary of State's Office where the Real Property resides, giving constructive notice to the world of the true capacity of the purported parties , [1]

24.     Respondants, by withholding such facts have potentially committed a grave error Slander of Title causing special damages.

25.     The act of recording the Assignments of OT2, and Notices of Default and Trustee's Sale, ll signed by parties without capacity, into the Official Records of the Cumberland County Recorder's Office is a communication to a third party of false statement derogatory to Debtor's title, maliciously  made causing special damages to the Debtor's claim of title.

26.     Additional allegations are made, such as violations of New  Jersey law.

27.     Debtor discovered this misrepresentation when she got information from Private Investigator Joseph Esquivel on 1/21/2021  and therefore is not time barred.

28.     Debtor requests the Court to declare the above documents VOID

29.     Debtor has already suffered damages as a result of Lakeview / Mr Cooper named herein.

30.     Debtor did not discover many of the misrepresentations until she was advised of the possible fraud by Private Investigator Joseph Esquivel  and therefore is not time barred and therefore those claims were secreted from Debtor, and equitable tolling should apply.

31.     Further, Debtor has suffered extreme emotional distress as a result of Respondants' actions.

32.     The Emotional Distress is claimed as Tort, not Contract Violations.

33.     Meanwhile, injunctive and declaratory relief are also sought in this action.

<u>JURY TRIAL DEMANDED</u>

---

[1]     See    Asset    Securitization    Comptroller's    Handbook    Nov.    1997
http://www.occ.gov/publications/publications-by-type/comptrollers-handbook/assetsec.pdf

9
ADVERSARY PROCEEDING TO DISALLOW **CLAIM 1-1 OF** LAKEVIEW AND **MR. COOPER**

## FINAL PRAYER FOR RELIEF

Debtor prays for the following:

(a) That this court file an Order to Disallow Claim 1-1.

(b) That the Court call a jury of twelve (12) persons for all questions of fact;

(c)   That the Debtor be awarded consequential damages in an amount to be determined at trial;

(d)  That the Debtor be awarded general damages in an amount to be determined at trial;

(e)  Debtor be awarded statutory damages, including double damages for each statutory violation as described herein, to be determined at trial;

(f)  Debtor be awarded exemplary/punitive damages in an amount of $500,000.00 from each Respondents, or to be determined at trial;

(g)  Debtor understands that pro se are not allowed attorney's fees, but should Debtor locate and retain competent legal counsel, the future attorney to be awarded attorney's fees, and Debtor be awarded all court costs and expenses;

(h)  Debtor be awarded interest as allowed by law;

(i)  Debtor be awarded any other relief as he is unaware that he is eligible for, or that the Court or trier of facts, deems just and proper.

Respectfully submitted, ~~February~~ *March* 2, 2026

_____

David Cushing, Plaintiff, Pro Se

## VERIFICATION

I, ~~Carona Nwanna Cushing~~ *David J. Cushing*, am the Plaintiff in the above-entitled action.

I declare under penalty of perjury under the laws of the State of New Jersey and of the united States of America that the foregoing is true and correct.

Dated: ~~February~~ *March* 2, 2026  Vineland, NJ

10

ADVERSARY PROCEEDING TO DISALLOW **CLAIM 1-1** OF LAKEVIEW AND **MR. COOPER**

David Cushing,  Plaintiff, Pro Se

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated:  February ____, 2026  Vineland, NJ

March

David Cushing
Plaintiff, Pro Se

ADVERSARY PROCEEDING TO DISALLOW **CLAIM 1-1 OF** LAKEVIEW AND **MR. COOPER**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In the matter of:
In re: David Cushing

                                          Debtor

David Cushing

                                    Plaintiff(s)

| | |
|---|---|
| | Case No.      25-22945-ABA |

v.

Lakeview Loan Servicing LLC;Freedom Mortgage
Corporation;Greentree Mortgage Company L.P.;FEDERAL
HOUSING ADMINISTRATION;Nationstar Mortgage LLC
DBA Mr.Cooper;US Bank, N.A., Trustee for Ginnie Mae

                              Defendant(s)

Adversary No. _____

Judge:      Andrew B. Altenburg Jr

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| | |
|---|---|
| Address of Clerk | U.S. Bankruptcy Court<br>401 Market Street<br>Camden, NJ 08102-1568 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| | |
|---|---|
| Name and Address of Plaintiff's Attorney | David Cushing<br>1734 Almond Rd<br>Vineland, NJ 08360<br>(267) 595-6578  Davidjcushing@protonmail.com |

If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Courtroom: |
|---|---|
| | |
| | Date and Time: |
| | |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                    Jeanne A. Naughton, Clerk

Date: _____

By: _____
         Deputy Clerk

*rev. 1/4/17*

**Pursuant to D.N.J. LBR 9019-2, Mediation: Procedures, there is a presumption of mediation in all adversary proceedings. For more information regarding the mediation program see the related Local Rules and forms on the Court's web site: njb.uscourts.gov/mediation.**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>DAVID CUSHING | DEFENDANTS LAKEVIEW, ET AL |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Pro Se | ATTORNEYS (If Known) RAS CITRON, |

| PARTY (Check One Box Only)<br>☑ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☑ Other<br>☐ Trustee |
|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Disallow Claim of Lakeview Loan Servicing, And Other Cases.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☑ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR DAVID Cushing | BANKRUPTCY CASE NO. 25-22945 | |
| DISTRICT IN WHICH CASE IS PENDING NJ | DIVISION OFFICE CAMDEN | NAME OF JUDGE Altenburg, Jr. |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF DAVID Cushing | DEFENDANT Lakeview, et Al | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING NJ | DIVISION OFFICE Camden | NAME OF JUDGE Altenburg Jr. |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| _(signature)_  (PLAINTIFF PRO SE) | |
| DATE 3/2/26 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) (PRO - SE) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.