

## CHRIS MAGIS NERO

Attorney-in-Fact for David Cushing
1501 S. Cherrybell Stra, PMB 26096
Tucson, Arizona 85726-9998
(520) 612-9797 | chrisnero9999@gmail.com
Date: May 30, 2026

## VIA CERTIFIED MAIL AND ELECTRONIC CORRESPONDENCE

Andrew B. Finberg
Chapter 13 Standing Trustee
535 Route 38, Suite 580
Cherry Hill, NJ 08002

**RE: REQUEST FOR RECONCILIATION, IDENTITY-THEFT REVIEW, CLAIM VERIFICATION, ASSET IDENTIFICATION, ACCOUNTING REVIEW, AND ADMINISTRATIVE TRANSPARENCY**

Case No. 25-22945-ABA
In re David Cushing
Chapter 13 Bankruptcy

**Dear Trustee Finberg:**

I write pursuant to a duly executed Limited Power of Attorney authorizing me to assist David Cushing in administrative communications, record review, reconciliation efforts, preservation of rights, investigation of disputed information, and protection of his property interests in the above-captioned matter. The Limited Power of Attorney should be treated as Exhibit A to this correspondence.

This correspondence is submitted in good faith and in a spirit of reconciliation, transparency, and accurate administration of the bankruptcy estate. It is not intended as an adversarial filing, objection, or challenge to the Court. Rather, its purpose is to facilitate a complete and accurate review of claims, assets, records, credits, offsets, account histories, and information affecting the administration of this estate.

Mr. Cushing has expressed concerns regarding the accuracy and completeness of certain records, creditor claims, account histories, payment histories, assignments, servicing records, and information presently affecting this matter. In addition, he has raised concerns that certain accounts, obligations, transactions, or identifying information may have been affected by identity theft, unauthorized activity, reporting inaccuracies, administrative errors, or other irregularities that warrant review before final determinations are made concerning estate administration.

The objective of this correspondence is restoration, reconciliation, transparency, and preservation of value. Accurate administration requires a complete accounting of both liabilities and assets so that all parties may rely upon complete and accurate information.

1

This request is made in furtherance of the accurate administration of the estate under 11 U.S.C. §§ 541, 1302, and 1306, and for purposes of reviewing claims and supporting documentation consistent with 11 U.S.C. §§ 501-502 and Federal Rule of Bankruptcy Procedure 3001. Mr. Cushing also seeks guidance concerning procedures available to address potential identity-theft concerns, disputed account information, unauthorized transactions, and other inaccuracies affecting claims asserted against the estate.

Accordingly, we respectfully request assistance concerning the following matters.

## I. CLAIM RECONCILIATION AND VERIFICATION

1. Provide or identify a current list of all claims asserted against the estate.
2. Identify each claimant and the legal and factual basis for each claim.
3. Provide or identify documentation evidencing ownership of each claim.
4. Provide or identify documentation evidencing assignment, transfer, endorsement, servicing rights, or other authority associated with each claim.
5. Identify any claims that are disputed, contingent, amended, withdrawn, duplicated, unliquidated, or otherwise subject to review.
6. Identify any proofs of claim filed in this matter and the supporting documentation associated with each proof of claim.
7. Advise whether any claimant has failed to provide sufficient documentation to permit meaningful review and reconciliation.

## II. ACCOUNTING AND FINANCIAL RECONCILIATION

8. Provide or identify payment histories associated with claims asserted against the estate.
9. Identify all credits, offsets, adjustments, or reductions applied to any claim.
10. Identify escrow balances, reserve accounts, suspense accounts, unapplied funds, or other account balances associated with claims.
11. Identify insurance proceeds, guarantees, indemnifications, recoveries, reimbursements, or other third-party payments affecting any claim.
12. Identify refunds, overpayments, credits, rebates, recoveries, or other funds which may benefit Mr. Cushing or the estate.
13. Identify any accounting records necessary to reconcile balances presently being asserted.
14. Advise whether any claim appears overstated, duplicative, unsupported, unreconciled, or subject to correction based on available records.

## III. IDENTITY-THEFT AND RECORD-ACCURACY REVIEW

15. Identify the procedures available for reporting identity-theft concerns in connection with claims, accounts, or records affecting the bankruptcy estate.
16. Identify the procedures available for challenging inaccurate account information or disputed creditor records.
17. Identify the procedures available for correcting disputed records, unauthorized transactions, inaccurate reporting, or misattributed obligations.
18. Identify the procedures available for presenting supporting evidence regarding unauthorized activity, inaccurate reporting, or identity-related irregularities.
19. Identify the office, department, or personnel responsible for reviewing such matters.

2

20. Advise whether any additional affidavit, declaration, identity-theft report, police report, FTC Identity Theft Report, or supporting documentation should be submitted to assist in review.

## IV. ESTATE ASSETS, CREDITS, AND PROPERTY INTERESTS

21. Identify any known estate assets that may benefit Mr. Cushing or the estate.
22. Identify any refunds, recoveries, overpayments, credits, offsets, tax refunds, escrow surpluses, insurance recoveries, rebates, reserve balances, or unapplied funds that may benefit Mr. Cushing or the estate.
23. Identify any causes of action, claims, counterclaims, avoidance actions, or recoverable interests that may belong to Mr. Cushing or the estate.
24. Identify any property interests, receivables, claims to funds, or other rights that may not yet have been fully scheduled, identified, reconciled, or administered.
25. Advise what procedure should be followed to bring newly identified assets, credits, recoveries, offsets, or causes of action to the Trustee's attention for review.

## V. ADMINISTRATIVE TRANSPARENCY AND DUE DILIGENCE

26. Identify the office administering this trusteeship and the appropriate contact information for administrative communications.
27. Identify the authority under which the trusteeship is administered in this case, to the extent such information is publicly available.
28. Identify the administrative procedures governing claim review and reconciliation.
29. Identify the procedures governing disputed claims and account corrections.
30. Identify the procedures governing accounting review and reconciliation.
31. Identify the procedures governing review of identity-theft concerns and disputed account information.
32. Identify appropriate personnel or departments responsible for addressing reconciliation, creditor verification, record-correction, and accounting-review matters.
33. Identify any publicly available information concerning trustee administration, supervision, bonding, licensing, appointment, or qualification requirements applicable to the Chapter 13 trusteeship, so that communications and due-diligence inquiries may be directed appropriately.

## VI. PURPOSE AND NON-ADVERSARIAL INTENT

34. These requests are made solely for purposes of accurate administration, due diligence, transparency, reconciliation, and preservation of the rights and interests of Mr. Cushing and the estate.
35. This correspondence is not intended to create unnecessary controversy, delay, or burden. It is intended to ensure that all parties are operating from complete and accurate information before distributions, determinations, or adjudications are made.
36. The objective is restoration and reconciliation rather than dispute. Accurate administration requires a complete accounting of both liabilities and assets.

## VII. REQUEST FOR GUIDANCE AND RESPONSE

Please advise what documents, procedures, forms, filings, communications, or supporting materials should be submitted to allow these reconciliation, identity-theft, claim-verification, and asset-identification concerns to be reviewed in an orderly manner.

If any portion of this request must be directed to a different office, department, creditor, servicer, or party in interest, please identify the appropriate recipient or procedure so that the matter may be handled correctly and professionally.

We respectfully request a written response or procedural guidance within a reasonable time after receipt of this correspondence.

## VIII. RESERVATION OF RIGHTS

Nothing contained herein shall be construed as a waiver of any rights, remedies, defenses, objections, exemptions, claims, causes of action, equitable interests, or protections available to Mr. Cushing under applicable law. All rights are expressly reserved.

We appreciate your attention to these matters and look forward to working cooperatively toward a complete and accurate reconciliation of the estate.

Respectfully submitted,

By Chris Magis Nero

CHRIS MAGIS NERO
Attorney-in-Fact for David Cushing
Pursuant to Limited Power of Attorney

**Enclosures:**
- Exhibit A - Limited Power of Attorney
- Exhibit B - Supporting Documentation Concerning Identity-Theft Concerns (if applicable)
- Exhibit C - Bankruptcy Docket Materials Relevant to Reconciliation Review
- Exhibit D - Additional Documentation Supporting Requests for Review (if applicable)

4