FILED-BANKRUPTCY-NJ
2026 AUG 19 AM 10:05:51

David Cushing
1734 Almond Road
Vineland, New Jersey [08360]
267.595.6578
Davejeremycushing@Gmail.com

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. **25-22945-ABA** |
| **DAVID CUSHING,** | Chapter **13** |
| Debtor. | (Adv. Proc. No. **26-01099-ABA)** |
| | Judge: **Andrew B. Altenburg, Jr.** |

# DEBTOR'S RESPONSE TO LAKEVIEW LOAN SERVICING, LLC'S OBJECTION TO CONFIRMATION OF MODIFIED CHAPTER 13 PLAN [DOC. 65]

Debtor David Cushing, appearing pro se, respectfully submits this Response to the Objection to Confirmation filed by Lakeview Loan Servicing, LLC ("Lakeview") at Docket No. 65, and states as follows:

## PRELIMINARY STATEMENT

**1.** Lakeview's Objection rests upon a single disputed premise: that Proof of Claim No. 8-1 establishes an allowed secured mortgage arrearage of $114,085.26 that Debtor must fund through his Chapter 13 Plan.

**2.** Lakeview states that it filed a secured proof of claim asserting prepetition arrears of $114,085.26; that Debtor's Plan provides $0 toward that asserted arrearage; and that the Plan is therefore underfunded, infeasible, and noncompliant with 11 U.S.C. §§ 1322 and 1325.

**3.** Debtor does not concede the allowance or amount of Claim No. 8-1, the alleged arrearage, the secured status of the claim, or the validity, priority, or extent of the asserted lien. Those matters remain contested to the extent presently pending before the Court.

**4.** Accordingly, Lakeview's confirmation objection should not be permitted to transform the <u>disputed allegations</u> of Claim No. 8-1 into <u>adjudicated facts</u>.

## RESPONSE TO LAKEVIEW'S NUMBERED ALLEGATIONS

**5. As to Paragraph 1:** Debtor admits only that Lakeview filed Proof of Claim No. 8-1 asserting prepetition arrears of $114,085.26. Debtor denies that the filing itself establishes the allowance or amount of Claim No. 8-1 or the validity, priority, or extent of the asserted lien.

**6.** Claim No. 8-1 asserts a total claim of $251,548.03, characterizes the entire amount as secured, and states an amount necessary to cure default of $114,085.26. Those assertions are disputed.

**7. As to Paragraph 2:** Debtor admits that the Plan does not propose payment of Lakeview's asserted $114,085.26 arrearage. Debtor denies that the omission constitutes an admission that the asserted arrearage is due or that Claim No. 8-1 is allowable as a secured claim in that amount.

**8. As to Paragraph 3:** Denied. Lakeview's assertion that the Plan "understates" its claim by $114,085.26 assumes *the very proposition presently in dispute*—namely, that Claim No. 8-1 is allowable as a secured claim in an amount requiring payment of the asserted arrearage.

**9. As to Paragraph 4:** Denied. Lakeview's feasibility argument is entirely derivative of disputed Claim No. 8-1. It does not identify an independent deficiency in Debtor's income, Plan term, proposed payment, or treatment of an unrelated allowed claim.

**10. As to Paragraph 5:** Denied. Lakeview cites 11 U.S.C. §§ 1322 and 1325 generally, but identifies no particular subsection and supplies no independent basis for its conclusion apart from the disputed treatment of Claim No. 8-1.

## ARGUMENT

**11.** Under 11 U.S.C. § 502(a), a filed proof of claim is deemed allowed unless a party in interest objects. Where an objection is made, § 502(b) directs the Court, after notice and hearing, to determine the amount to be allowed. *(11 U.S.C. § 502(a)–(b)).*

**12.** Debtor has challenged Claim No. 8-1. Accordingly, the amounts asserted in the disputed Proof of Claim should not, without adjudication of the pending dispute, be treated as established amounts for purposes of confirmation.

**13.** The questions concerning the allowance and amount of Claim No. 8-1 and the secured status, validity, priority, or extent of the asserted lien are therefore logically antecedent to Lakeview's contention that Debtor must fund the alleged $114,085.26 arrearage. Section 1325(a)(5), by its terms, addresses "each -*allowed*- secured claim provided for by the plan." *(11 U.S.C. § 1325(a)(5)).*

**14.** Debtor does not seek through confirmation of the Plan to obtain adjudication of the validity, priority, or extent of Lakeview's asserted lien.

**15.** Nor does the Plan employ valuation or lien-avoidance provisions as a substitute for adjudication of the pending dispute.

**16.** Rather, the current Modified Plan expressly preserves the dispute concerning Claim No. 8-1 for determination through the proceedings already pending before this Court.

**17.** This separation between confirmation and adjudication of lien issues is consistent with controlling Third Circuit authority. In *In re Mansaray-Ruffin, 530 F.3d 230, 237–39 (3d Cir. 2008)*, the Court of Appeals held that confirmation of a Chapter 13 plan cannot substitute for the adversary procedure required to determine the validity, priority, or extent of a lien. The court further recognized that matters requiring adversary adjudication are not resolved merely through plan confirmation. *Id.* at 238–39; see also Fed. R. Bankr. P. 7001.

**18.** Likewise, Lakeview's filing of an objection to confirmation satisfies the procedural requirement that a creditor wishing to oppose confirmation actually object. *(D.N.J. LBR 3015-3).* The 2015 Comment to that Rule explains that the Rule eliminated the former provision permitting the filing of a proof of claim itself to serve as an objection to confirmation.

**19.** But the filing of a procedurally proper confirmation objection does not ***itself*** establish the merits of the underlying disputed claim. The Third Circuit has recognized both the bankruptcy court's pre-confirmation responsibility to consider compliance with the Code and the substantial finality accorded a confirmed Chapter 13 plan. *(In re Szostek, 886 F.2d 1405, 1413–14 (3d Cir. 1989)).* Accordingly, the unresolved Claim No. 8-1 issues should be preserved for adjudication rather than implicitly determined through confirmation.

**SUPERSEDING MODIFIED PLAN**

**20.** Lakeview's Objection was directed to Debtor's Modified Plan filed July 30, 2026. Indeed, Lakeview attached that nine-page Plan as Exhibit 65-1 to its Objection.

**21.** Debtor is contemporaneously filing a further Modified Chapter 13 Plan using the Court's current mandatory form.

**22.** The current Plan expressly preserves Debtor's dispute concerning Claim No. 8-1 and does not purport to determine Lakeview's substantive rights through confirmation.

**23.** To the extent Lakeview's Objection concerns defects or ambiguities particular to the superseded July 30, 2026 Plan, those matters should therefore be deemed moot.

**24.** To the extent Lakeview continues to assert that the current Plan must provide $114,085.26 to Lakeview, that contention remains dependent upon resolution of disputed Claim No. 8-1 and the overlapping issues already before this Court.

**RELIEF REQUESTED**

**WHEREFORE,** Debtor respectfully requests that the Court:

**A.** Overrule Lakeview's Objection to the extent it treats the allegations and amounts stated in disputed Proof of Claim No. 8-1 as finally established;

**B.** Determine that Lakeview has not established an independent feasibility objection merely by relying upon the disputed $114,085.26 arrearage asserted in Claim No. 8-1;

**C.** To the extent determination of Lakeview's confirmation objection depends upon matters presently pending concerning Claim No. 8-1 and the related adversary proceeding, defer or reserve determination of that portion of the Objection pending adjudication of those predicate issues;

**D.** Deem moot any portion of the Objection directed solely to deficiencies of the superseded July 30, 2026 Plan that have been cured by the subsequently filed Modified Plan;

**E.** Preserve without prejudice all claims, defenses, objections, counterclaims, and other rights of the parties concerning the allowance and amount of Claim No. 8-1 and the validity, priority, or extent of the asserted lien, to the extent such matters remain pending before the Court; and

**F.** Grant such other and further relief as the Court deems just and appropriate.

**Respectfully submitted on this 19th day of August, 2026**

**By:** WITHOUT RECOURSE, ALL RIGHTS RESERVED. **For:**

**DAVID CUSHING,**

**Debtor, Pro Se.**