**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Order Filed on October 22, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In Re:<br><br>David Cushing,<br><br>Debtor. | Case No.: 25-22945-ABA<br>Chapter: 13 |
| David Cushing,<br><br>Plaintiff.<br><br>v.<br><br>Lakeview Loan Servicing, et al.,<br><br>Defendants. | Adv. No.: 26-01099-ABA<br><br>Judge: Andrew B. Altenburg, Jr.<br><br>Hearing Date: October 6, 2026, at 2:00 p.m. |

**ORDER GRANTING MOTION TO DISMISS OF LAKEVIEW LOAN SERVICING AND OVERRULING OBJECTION TO ITS CLAIM**

The relief set forth on the following pages, numbered two (2) through sixteen (16) is hereby **ORDERED**.

**DATED: October 22, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**THIS MATTER** having originally come before the court by adversary proceeding filed by David Cushing (the "Debtor") (Doc. No. 1); and the Debtor having filed a Second Amended Complaint (Doc. No. 28); and Creditor/Defendant Lakeview Loan Servicing ("Lakeview") having filed a Motion to Dismiss (the "Motion") (Doc. No. 31); and the Debtor having filed opposition to the Motion (Doc. No. 37); and the Debtor having also filed an *Objection to Proof Of Claim No. 8-1 Filed By Lakeview Loan Servicing, LLC* (the "Objection") in the Debtor's Main Bankruptcy Case, Case No.: 25-22945-ABA (the "Main Case") (Main Case, Doc. No. 36); and Lakeview having filed a response to the Objection (Main Case, Doc. No. 39); and the court finding the relief sought in the Objection was redundant to the relief sought in the adversary proceeding and determined that the Motion and Objection should be heard together; and a hearing having been held on October 6, 2026 in which both parties appeared and argued; and the court reviewing the pleadings submitted; and for the reasons set forth on the record and in the attached Memorandum Decision; it is

**ORDERED** that the Motion to Dismiss the Second Amended Complaint is **GRANTED.**

**IT IS FURTHER ORDERED** that all claims asserted against Lakeview in the Second Amended Complaint are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Counts I and II of the Second Amended Complaint are **DISMISSED in their entirety WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the *Objection to Proof Of Claim No. 8-1 Filed By Lakeview Loan Servicing, LLC*, Main Case No.: 25-22945-ABA, Doc. No. 36, is **OVERRULED**.

## MEMORANDUM DECISION

Before the court is the *Motion to Dismiss Adversary Proceeding* (the "Motion") filed by Creditor, Lakeview Loan Servicing ("Lakeview"), Doc. No. 31, seeking to dismiss the Debtor's second amended complaint (the "Second Amended Complaint"), Doc. No. 28. The Debtor filed opposition to the Motion (the "Opposition"). Doc. No. 37. Also before the court is the Debtor's *Objection to Proof Of Claim No. 8-1 Filed By Lakeview Loan Servicing, LLC* (the "Objection to Claim") filed in the Debtor's Main Bankruptcy Case, Case No.: 25-22945-ABA (the "Main Case"). Main Case, Doc. No. 36. Lakeview filed a response thereto. Main Case, Doc. No. 39. Based on the redundancy of the relief sought in the Objection to Claim and the adversary proceeding, the court determined that it would hear the Motion and the Objection to Claim together.[1] The court conducted a hearing on October 6, 2026. The parties appeared and made argument. The hearing is concluded, and the record is closed. This matter is now ripe for disposition. Under the principle of *res judicata* and because the Debtor has failed to state a claim upon which relief may be granted, the Motion is GRANTED, the Second Amended Complaint is dismissed with prejudice as to Lakeview, and the Objection to Claim is OVERRULED.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

[1] *See* Text Order entered on June 16, 2026, in the Main Case: "Text Order: In light of the Motion to reconsider filed in the Adversary Proceeding 26-1099, Doc. No. 21 in the Adv. Pro., the Objection to Proof Of Claim No. 8-1 Filed By Lakeview Loan Servicing, LLC. filed by David Cushing in the Main Case, No. 36, which Objection appears to duplicative of relief requested in the Adversary Proceeding, will be rescheduled, if necessary, until a time after the court has made a determination of the motion to reconsider." Once the court granted the *Motion to Reconsider* in the adversary proceeding, the court entered another Text Order on August 4, 2026, in the Main Case, stating: "Text Order: OBJECTION TO PROOF OF CLAIM #36 IS REDUNDANT OF THE RELIEF SOUGHT IN ADVERSARY AND THEREFORE WILL BE HEARD WITH ADVERSARY PROCEEDING (26-1099)".

**PROCEDURAL HISTORY**

On March 2, 2026, Plaintiff David Cushing (the "Debtor") commenced this adversary proceeding by filing a complaint ("Complaint") to disallow Proof of Claim 8-1 of Lakeview for lack of standing related to a property at 1734 Almond Rd., Vineland, NJ 08360 (the "Property"), Doc. No. 1. Lakeview filed its first motion to dismiss ("First Motion"), Doc. No. 7, on April 16, 2026, and on May 7, 2026, the Debtor filed an amended complaint ("First Amended Complaint"). Doc. No. 13. On May 11, 2026, the Debtor also filed the Objection to Claim in the Main Case. Main Case, Doc. No. 36. On June 8, 2026, Lakeview filed its opposition to the Objection to Claim. Main Case, Doc. No. 39.

The court conducted a hearing on the First Motion on May 12, 2026, and considered the Complaint, the First Amended Complaint, and the parties' arguments. It then issued its *Order Granting Motion To Dismiss, In Part And Denying, In Part* with a memorandum decision, Doc. No. 17, specifically finding that Lakeview has standing in this matter and has standing to submit a claim related to the Property. Instead of fully dismissing the Complaint and the First Amended Complaint, the court directed that "Debtor shall have FOURTEEN (14) DAYS from the date of this Order to file another amended complaint with the failure to do so resulting in this Adversary Proceeding, and its underlying claims, being dismissed WITH PREJUDICE." Doc. No. 17 (emphasis in original). The Debtor did not file another amended complaint and the adversary proceeding was dismissed by the court through its *Order Dismissing Adversary Proceeding.* Doc. No. 19.

The Debtor then filed a *Motion to Reconsider* the dismissal of the adversary proceeding, arguing that the court committed an error of fact and law because the court's decision "alleged that a 1st Amended Complaint was not filed, when it was." Doc. No. 21-1 at 3. Indeed, the *Order Granting Motion To Dismiss, In Part And Denying, In Part,* acknowledged the First Amended Complaint and clearly instructed the Debtor to file an ***additional*** amended complaint because both the Complaint and First Amended Complaint were deficient. Doc. No. 17 at 7. Nevertheless, in the interest of justice and in light of the Debtor's *pro se* status, the court granted the *Motion to Reconsider* and afforded the Debtor one more opportunity to file another amended complaint, with the condition that the Debtor may not assert any claim related to Lakeview's standing to submit a claim related to the Property. Doc. No. 26.

On August 14, 2026, the Debtor filed the Second Amended Complaint, where he seeks relief related to three counts: Count I – Abuse of Process – arguing that Lakeview improperly uses past judgments to preclude the Debtor's attempt to adjudicate his challenges to Lakeview's rights and proof of claim in the adversary proceeding; Count II – Determination and Disallowance or Reduction of Proof of Claim No. 8-1 – challenging Lakeview's proof of claim based on alleged documentary discrepancies, disputed charges, accounting deficiencies, omitted information, and contrary factual allegations; and Count III – Declaratory Relief – generally asking the court to

explain the transaction history of the underlying mortgage to the Property and define each party's rights related thereto, including but not limited to any monetary amount owed by the Debtor. Doc. No. 28, at 31-36, 36-43, and 43-50, respectively. Lakeview's Motion followed. The hearing was held on October 6, 2026. The court took the matter under advisement.

## **DISCUSSION**

On December 22, 2016, the Debtor and Carona Cushing entered into a mortgage (the "Mortgage") for the Property with lender Greentree Mortgage Company, L.P. ("Greentree") and Mortgage Electronic Registration Systems, Inc ("MERS") as nominee. Doc. No. 11, Ex. A. [2] On December 29, 2021, the Mortgage was assigned from Greentree and MERS as nominee to Freedom Mortgage Corporation ("Freedom"). Doc. No. 31, Ex. A. On February 9, 2022, the Mortgage was then assigned from Freedom to Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"). *Id*. On April 7, 2022, the Mortgage was assigned from Nationstar to Lakeview. *Id*. Lakeview has submitted a claim for $251,548.03 related to the Mortgage with an accounting and other documentation supporting Lakeview's claim. Main Case, Proof of Claim 8-1 (the "Proof of Claim").

Prior to the commencement of the Debtor's Main Case, Lakeview brought a foreclosure action against the Debtor and others in the Superior Court of New Jersey, Chancery Division, Cumberland County (the "State Court"), Case Number F-009304-22 (the "State Court Action", and with the docket therein, the "State Court Docket"). On May 24, 2023, the State Court entered a foreclosure judgment (the "Foreclosure Judgment") against the Debtor *specifically in favor of Lakeview*, finding that Lakeview was entitled to execute its rights under the Mortgage and that Lakeview was entitled to payment of $198,852.15. Doc. No. 11, Ex. C.

The Debtor stated that he did not fully participate in the State Court Action. The State Court Docket, its orders, and the Debtor's numerous submissions - whether through correspondence or pleading - suggest otherwise.[3] The State Court Docket evidences that the Debtor *fully* participated

---

[2] The court can and will take judicial notice of the docket entries in this case and the prior case. Fed. R. Evid. 201, incorporated in these proceedings by Fed. R. Bankr. P. 9017. *See In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 204 (3d Cir. 1995); *Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1200 n. 3 (3d Cir. 1991); *In re Aughenbaugh*, 125 F.2d 887, 889 (3d Cir. 1942).

[3] The court can and does take judicial notice of another court's Docket. Fed. R. Evid. 201, incorporated in these proceedings by Fed. R. Bankr. P. 9017. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014); *Indian Palms Assocs., Ltd.,* 61 F.3d at 205; *Thomas v. TEKsystems, Inc.,* No. 2:21-CV-460, 2026 WL 409272, at *1 (W.D. Pa. Feb. 11, 2026); *In re Davis*, 597 B.R. 770, 773 (Bankr. M.D. Pa. 2019). What is more, given the parties' arguments as to the preclusive effect of the Foreclosure Judgment, judicial notice is entirely appropriate. *Indian Palms Assocs., Ltd.,* 61 F.3d at 205 (noting that taking judicial notice of another court's record to establish estoppel is not

in the State Court Action with the filing of an answer contesting the foreclosure which was later stricken; that the Debtor communicated with the court and filed several motions; and that in its opinion denying the Debtor's motion for leave to amend,[4] the State Court discussed the futility of allowing the Debtor to file an amended answer and counter claim, confirming that it considered the Debtor's arguments. *See* State Court Docket, January 6, 2023, *Opinion: Denying Defendant's Motion for Permission to File an Amended Answer, Defenses and Add a Counterclaim,* Transaction ID: CHC20236318. In addition, the State Court also found "clearly and convincingly that [Lakeview] possesses standing to foreclose. Further, the Court is convinced the note was properly assigned to [Lakeview]." *Id.*

Finally, at the October 6, 2026, hearing before the court, the Debtor acknowledged that he appeared at a hearing in the State Court Action, but he declined to present argument on his answer before it was struck by the Judge. Audio Recording at 2:21:12—2:22:24. He also acknowledged that he filed a motion to amend his answer, which was denied. *Id*. *See also* Doc. No. 28, ¶¶121-23. The court also notes that in *Cushing v. Greentree Mortgage Company, LP, et al.*, United States District Court, District of New Jersey, Civil Action No. 24-5742, in an opinion granting motions to dismiss the Debtor's complaint, the District Court also found that the Debtor participated in the State Court Action. *See Cushing v. Greentree Mortg. Co., LP*, No. CV 24-5742 (KMW-MJS), 2025 WL 318059, at *2 (D.N.J. Jan. 28, 2025). The Debtor, *without question*, fully participated in the State Court Action.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. *Wells Fargo Equip. Fin., Inc. v. Alario,* No. 10–37591 MBK, 2011 WL 3510865, at *2 (Bankr. D.N.J. Aug. 9, 2011) "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The plausibility standard requires that "the plaintiff plead[ ] factual content that allows the

---

improper. "It is not seriously questioned that the filing of documents in the case record provides competent evidence of certain facts—that a specific document was filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made.").

[4] *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999) ("On a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity"); *Jonas v. Gold*, 627 F. App'x 134, 138 n.4 (3d Cir. 2015) ("The District Court was entitled to take judicial notice of prior opinions to establish the procedural history of the case,…which revealed, among other things, that the finality issue was already litigated").

court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)) (internal quotation marks omitted). An exception to this rule, however, is that "a document *integral to or explicitly relied upon* in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis and alteration in original) (citation and internal quotation marks omitted). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt,* 770 F.3d at 249. Under the rule in *Schmidt,* the Debtor's claims are undoubtedly based on extrinsic documents that he alleges give rise to his claims. *See Burton v. Nationstar Mortg. LLC*, 255 F. Supp. 3d 616, 619 (E.D. Pa. 2015). Here, the Second Amended Complaint relies on attacking Lakeview's Proof of Claim, and points to the Note, Mortgage, and Lakeview's assignment documentation to support its arguments. *See generally* Doc. No. 28. Lakeview attaches all assignments which are referred to in the Second Amended Complaint and are a matter of public record. *See* Doc. No. 31. Finally, the Debtor references the Foreclosure Judgment in the Second Amended Complaint, Doc. No. 28 at 31-36, which has also been provided by Lakeview. Therefore, the Note, Mortgage, and Assignments are *integral to and/or explicitly relied upon* in the Second Amended Complaint and the court may consider them. In addition, the Foreclosure Judgment is integral to the Debtor's assertion that Lakeview has committed an Abuse of Process by arguing it has a preclusive effect against him. Thus, the court can consider all the documents in deciding the Motion.

What is more, "[i]t is axiomatic that a claim cannot be plausible when it has no legal basis. A dismissal under Civil Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *In re Speir*, No. ADV. 11-01198, 2012 WL 2094230, at *2 (B.A.P. 9th Cir. June 11, 2012) (citing *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir.2008)). A motion to dismiss pursuant to Rule 12(b)(6) must be granted if all of the plaintiff's claims are barred by *res judicata*. *Connelly Foundation v. Haverford Twp.,* 461 F.2d 495, 496 (3d Cir. 1972); *Ouaziz v. Murphy*, No. 23-2696, 2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024), *aff'd*, 24-1867, 2024 WL 4927256 (3d Cir. Dec. 2, 2024). "When a defendant raises *res judicata* or collateral estoppel as an affirmative defense and 'it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law,' dismissal under Rule

12(b)(6) is appropriate." *In re Ditech Holding Corp.,* No. 19-10412, 2022 WL 1750997, at *13 (Bankr. S.D.N.Y. May 28, 2022).

## I. **The Debtor Fails to State a Claim for Abuse of Process**[5]

The Debtor brings Count I solely against Lakeview, arguing Lakeview committed the New Jersey state law tort of an abuse of process against him by attempting to use the Foreclosure Judgment to preclude him from litigating his claims before the bankruptcy court. A creative theory, but it has no teeth. New Jersey courts have explained this cause of action in the following way**:**

> The tort of malicious abuse of process lies not for commencing an improper action, but for misusing or misapplying process after it is issued. *Baglini v. Lauletta,* 338 *N.J.Super.* 282, 293, 768 A.2d 825 (App.Div.), *8ertify. denied,* 169 *N.J.* 607, 782 *A*.2d 425 (2001). To be found liable for malicious abuse of process, a party must have performed additional acts "after issuance of process 'which represent the perversion or abuse of the legitimate purposes of that process.' " *Id.* at 294, 768 *A*.2d 825 (citation omitted). We have further clarified that "process is not abused unless after its issuance the defendant reveals an ulterior purpose he had in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff." *Ruberton v. Gabage,* 280 *N.J.Super.* 125, 130, 654 *A*.2d 1002 (App.Div.) (quoting *Tedards v. Auty,* 232 *N.J.Super.* 541, 550, 557 *A*.2d 1030 (App.Div.1989) (quoting *Gambocz v. Apel,* 102 *N.J.Super.* 123, 130, 245 *A*.2d 507 (App.Div.), *8ertify. denied,* 52 *N.J.* 485, 246 *A*.2d 447 (1968))), *8ertify. denied,* 142 *N.J.* 451, 663 *A*.2d 1358 (1995). **In order for there to be "abuse" of process, therefore, a party must "use" process in some fashion, and that use must be "coercive" or "illegitimate."** *Ruberton, supra,* 280 *N.J.Super.* at 130–31, 654 *A*.2d 1002 (quoting *Penwag Prop. Co. v. Landau,* 148 *N.J.Super.* 493, 499, 372 *A*.2d 1162 (App.Div.1977), *aff'd,* 76 *N.J.* 595, 388 *A*.2d 1265 (1978)).

*Hoffman v. Asseenontv.Com, Inc.,* 404 N.J. Super. 415, 431–32, 962 A.2d 532, 541 (App. Div. 2009) (emphasis added); *see also Brennan v. Lonegan*, No. A-0274-09T1, 2010 WL 5140448, at *2 (N.J. Super. Ct. App. Div. Dec. 20, 2010).

---

[5] The court questions whether this cause of action would be better brought before the court that issued the process that is alleged to have been abused. Certainly, if the Debtor's claim is valid, this court would consider permissively abstaining from this claim where state law is front and center in this state court foreclosure action. *Wright v. Trystone Cap. Assets, LLC*, No. 20-CV-15017 (RBK), 2021 WL 3561218, at *4 (D.N.J. Aug. 12, 2021).

The Debtor's misplaced argument for why Lakeview is improperly using the Foreclosure Judgment is centered around his contention that the State Court Action was not actually litigated because his answer was stricken and therefore it has no preclusive effect. Doc. No. 28, ¶¶176-79. This is just wrong. As the court already noted, the Debtor did fully participate in the State Court. The State Court Docket reflects that the State Court considered his answer and motion to amend and struck his answer thereby deeming it uncontested. The matter proceeding thereafter as "uncontested" does not at all mean the issues were not actually litigated. New Jersey Court Rule 4:46-1(c) defines an uncontested action in a foreclosure proceeding as:

> An action to foreclose a mortgage or to foreclose a condominium lien for unpaid assessments pursuant to N.J.S.A. 46:8B-21 shall be deemed uncontested if, as to all defendants;
>
> 1. a default has been entered as the result of failure to plead or otherwise defend; or
>
> 2. none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it; or
>
> 3. all the contesting pleadings have been stricken or otherwise rendered non-contesting.
>
> An allegation in an answer that a party is without knowledge or information sufficient to form a belief as to the truth of an allegation in the complaint shall not have the effect of a denial but rather of leaving the plaintiff to its proofs, and such an allegation in an answer shall be deemed non-contesting to the allegation of the complaint to which it is responsive.

N.J. Ct. R. 4:64-1(c). Therefore, the State Court Action moving forward as "uncontested" is merely a procedural designation used in state court foreclosure actions and does not, by itself, establish that a party failed to participate or that a matter was not actually litigated. *See also In re Albanes*, 560 B.R. 155, 169 (Bankr. D.N.J. 2016), *aff'd sub nom. In re Victor Albanes & Yolanda Albanes*, No. CV 16-4302, 2017 WL 3037384 (D.N.J. July 18, 2017) (finding that issues were "actually litigated" for the purposes of collateral estoppel in the state court foreclosure action despite the striking of the debtor's answer and counterclaim and the matter proceeding as "uncontested"). Only after the State Court considered the Debtor's answer and motion to amend did the matter

proceed to foreclosure. Reliance on the procedural process of having the foreclosure proceed as "uncontested" holds no weight here. [6]

Even assuming, *arguendo*, that the Foreclosure Judgment lacked preclusive effect, Count I would still fail because the Debtor has not alleged facts showing that Lakeview used the Foreclosure Judgment in a coercive or illegitimate way. *See Hoffman,* 404 N.J. Super. at 431–32. Merely asserting that a prior judgment precludes a party's claims does not, standing alone, constitute an abuse of process. Litigants routinely raise preclusion arguments before the court, even where the court ultimately finds one or more of the required elements missing. But this does not mean that the prior judgment was being used coercively or illegitimately. Indeed, raising preclusion defenses early promotes judicial economy by allowing courts to resolve issues or claims that were already decided before the parties and the court waste time and resources on further litigation. *Clements v. Airport Auth. Of Washoe Cnty.*, 69 F.3d 321, 330 (9th Cir. 1995) ("Preclusion doctrine encompasses vindication of both public and private interests. The private values protected include shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose. The public interests served include avoiding inconsistent results and preserving judicial economy.") The court encourages those arguments. The potential rejection of a preclusion argument does not, by itself, establish an abuse of process.

Because the Debtor has alleged no relevant facts to support his claim for an abuse of process, Count I must be dismissed.

## II. <u>Any Challenge to Lakeview's Rights under the Mortgage is Precluded by *Res Judicata* and the Entire Controversy Doctrine</u>

In Count III, the Debtor seeks declaratory relief concerning the respective rights of the parties throughout the transaction history of the Property and Mortgage. The Debtor spends nearly the entirety of the Second Amended Complaint reciting the Mortgage transaction history, or at least his version of its history, advancing numerous theories and accusations along the way. But all of these contentions arise from events that took place well before the Foreclosure Judgment was entered in the State Court Action which found that Lakeview was entitled to execute its rights under the Mortgage and that Lakeview was entitled to payment of $198,852.15. Doc. No. 11, Ex. C. The State Court also stated in its opinion denying the Debtor's motion for leave to amend that

[6] The court also notes that the Debtor's suggestion that there is a requirement that an issue be "actually litigated" in a previous matter to have a preclusive effect is only necessary under the doctrine of collateral estoppel, or "issue preclusion." As the court explains in greater detail later in this decision, the doctrine of *res judicata,* or "claim preclusion," bars not only claims that were brought in a previous action but also claims that could have been brought. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). The Debtor's premise for bringing Count I is not only wrong but plainly misinformed and unfounded.

"the Court finds clearly and convincingly that [Lakeview] possesses standing to foreclose. Further, the Court is convinced the note was properly assigned to [Lakeview]." *See* State Court Docket, January 6, 2023, *Opinion: Denying Defendant's Motion for Permission to File an Amended Answer, Defenses and Add a Counterclaim,* Transaction ID: CHC20236318. Therefore, there is no controversy or dispute about the parties' rights under the Mortgage, as it was already decided in the State Court Action, and the Debtor is precluded from arguing anything to the contrary in Count III under the principles of *res judicata* and the entire controversy doctrine.

**A. *Res Judicata***

"Under 28 U.S.C. § 1738 a federal court must refer to the preclusion law of the state in which the judgment was entered, in this case, New Jersey." *In re Baals*, No. 21-13750, 2023 WL 1856638, at *3 (Bankr. D.N.J. Feb. 8, 2023) (*citing In re Chung-Hwan Kim*, 2018 WL 671467, at *34 (Bankr. D.N.J. Jan. 31, 2018)).

> The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought. *Post v. Hartford Ins. Co.,* 501 F.3d 154, 169 (3d Cir.2007). It "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and ... promot[es] judicial economy by preventing needless litigation." *Id.* (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir.1991)).

*In re Mullarkey*, 536 F.3d at 225.

It is clear that the first two elements are present, as the Foreclosure Judgment was a final judgment on the merits and the prior suit involved the same parties, the Debtor and Lakeview, both of whom fully participated in that action. The third element requires additional analysis. To decide if two causes of action are the same, courts must determine:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

*Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 105 F.4th 67, 76 (3d Cir. 2024) (citing *Wadeer v. N.J. Mfrs. Ins. Co.,* 220 N.J. 591, 110 A.3d 19, 28 (2015)).

First, the demand for relief in both actions is very similar, albeit framed in a different way. In the State Court Action, Lakeview brought suit to enforce its right to the Property following the Debtor's default under the Mortgage. There, the State Court necessarily found that Lakeview had the required rights under the Mortgage to foreclose and further found that the Debtor was required to pay Lakeview a sum certain in connection with the Mortgage. Doc. No. 11, Ex. C; *Siljee v. Atl. Stewardship Bank*, No. 15-CV-1762 (KM), 2016 WL 2770806, at *5 (D.N.J. May 12, 2016) ("The state foreclosure judgment necessarily decided in Atlantic's favor the following essential elements: the validity of the note and mortgage; the alleged default; and Atlantic's right to foreclose (which would include its standing by assignment or otherwise)"). Here, the Debtor is now asking this court to define the parties' rights under the Mortgage, suggesting that at some point in the chain of assignments of the Mortgage, the named Defendants lost their rights to the Property. And although the Debtor does his best to avoid outright saying it in his Second Amended Complaint, he is asking and/or hoping the court will declare that Lakeview does not have any rights to the Property under the Mortgage and that the Debtor has no obligations under the Mortgage. The Debtor is thus seeking to relitigate Lakeview's rights under the Mortgage and to the Property despite having lost in the State Court Action.

As to the theories of recovery, the court does not know what theories the Debtor advanced in defending the State Court Action, as the court does not have a copy of his answer that was later stricken or his motion to file an amended answer and counterclaim. Nonetheless, none of the Debtor's present theories which challenge the Defendants' current or prior rights to the Property are based on facts or events that arose after the State Court Action. *See* Doc. No. 28 at 1-31, 38-53. Rather, the factual bases underlying those theories existed well before the Foreclosure Judgment was entered and, therefore, were or could have been raised in the State Court Action. *See Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 124 N.J. 398, 413, 591 A.2d 592, 599 (1991) ("If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action.") As such, the Debtor should have raised those theories in the State Court Action. This factor weighs in favor of finding the causes of action sufficiently similar for purposes of *res judicata*.

Third, the witnesses and evidence necessary for the court to grant the relief requested in Count III would essentially be the same evidence relevant to his defense in the State Court Action. Any evidence demonstrating that Lakeview lacked rights under the Mortgage in connection with the Property, or that the Defendants who held the Mortgage prior to Lakeview had acquired or held it improperly, could have been presented in the State Court Action. As noted throughout this decision, nearly the entirety of the Second Amended Complaint discusses events that took place

before the Foreclosure Judgment was entered. Indeed, all of the Debtor's arguments pertaining to Count III predate that Judgment. As such, Count III is not based on any new evidence or witnesses.

Lastly, and on the same note, there are no new facts. The Debtor is seeking declaratory relief based on events that took place before the Foreclosure Judgment was entered. *See generally* Doc. Nos. 28 and 37. But the material facts underlying his claim have not changed. The Debtor defaulted on his Mortgage with Lakeview, and the State Court determined that Lakeview was entitled to pursue its rights under the Mortgage and the Debtor was required to pay Lakeview a sum certain under the Mortgage. This is merely a second attempt by the Debtor to relitigate the State Court Action in the bankruptcy court and challenge Lakeview's rights. He cannot circumvent the result reached in the State Court Action by asking this court for declaratory relief that would force the court to undo the findings made there. Simply put, the Debtor seeks a second bite at the apple, and *res judicata* bars him from doing so. The law is clear, an entry of a final judgment in a state court of competent jurisdiction must be binding in a later bankruptcy proceeding. *In re Adams*, 151 F.4th 144, 152 (3d Cir. 2025) ("Imagine a legal system in which that were a winning strategy: If you whiff in state court, take your mulligan and come to federal court for another swing. State-court judgments would be near-worthless. To ensure those judgments receive the full faith and credit promised by the Constitution, art. IV, § 1, and to safeguard the efficiency and finality of litigation, we apply principles of preclusion.") Consequently, if the Debtor wants to challenge the State Court rulings, *he must do so there*. As such, Count III is barred by *res judicata* and must be dismissed.

**B. Entire Controversy Doctrine**

To the extent the court erred in its finding that *res judicata* bars Count III of the Second Amended Complaint, it is also barred by the entire controversy doctrine. The Third Circuit has described the doctrine as:

> New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (cleaned up). The entire controversy doctrine "applies in federal courts when there was a previous state-court action involving the same transaction." *Id.* (quotation marks and citation omitted). "Under the entire controversy doctrine, a party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *Mullarkey*, 536 F.3d at 229. The entire controversy doctrine is applicable to " 'germane' counterclaims" that "aris[e] out of the mortgage transaction." *Id.*; *see also Delacruz v. Alfieri*, 145 A.3d 695, 701 (N.J. Super. Ct. Law Div. 2015) (describing germane claims as those that "could have been brought in the foreclosure action").

*Howard v. Wells Fargo Bank, N.A.,* No. 24-2010, 2024 WL 4890984, at *1 (3d Cir. 2024); *Mori v. Hartz Mountain Dev. Corp.*, 472 A.2d 150, 155 (N.J. Super. Ct. App. Div. 1983) ("[T]he entire controversy doctrine applies not only to matters actually litigated, but to all aspects of a controversy that *might* have been thus litigated and determined.") (emphasis in original).

Here, the Debtor's claims in Count III are plainly germane to the foreclosure action. The relief sought in Count III "ultimately 'go[es] to the validity of the mortgage, the amount due, or the right of the mortgagee to foreclose' and thus 'had to be raised in the foreclosure proceeding.'" *Arsenis v. M&T Bank*, No. 25-3115, 2026 WL 1816136, at *2 (3d Cir. 2026) (quoting *Delacruz,* 145 A.3d at 708). As such, the Debtor was required to bring the claims in Count III in the State Court Action, and this further precludes his attempts to litigate Count III. *Howard,* 2024 WL 4890984, at *2 (affirming the District Court's ruling that the movant should have brought their federal claims in the state court foreclosure proceeding because the federal claims "ultimately relate[] to the validity of the mortgage, the amount due, or the right of the mortgagee to foreclose."). Any relief the Debtor seeks from the judgment, he must get from the State Court. Count III must be dismissed.

### III. <u>Count II is Dismissed and the Objection to Proof of Claim 8-1 is Overruled</u>

The Objection to Claim and Count II are redundant and will be treated together here. Count II solely states a claim against Lakeview, as the Debtor challenges Lakeview's Proof of Claim based on "documentary discrepancies, disputed charges, accounting deficiencies, omitted information, and contrary factual allegations." Doc. No. 28 at 36. But this Count must also fail because the Debtor has not submitted evidence sufficient to negate the *prima facie* validity of the Proof of Claim.

Section 502 of the Bankruptcy Code controls the allowance of claims or interests in bankruptcy. *See* 11 U.S.C. § 502. Federal Rule of Bankruptcy Procedure 3001(f) provides that a properly filed claim constitutes prima facie evidence of the validity and amount of the claim, even if an objection is filed. Fed. R. Bankr. P. 3001(f); *In re Wells*, 463 B.R. 320, 326 (Bankr. E.D. Pa. 2011). A filed objection has the potential to shift the burden of proof. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). The Court of Appeals has summarized the shifting burdens as follows:

> A claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is

> essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Graboyes*, 371 B.R. 113, 119 (E.D. Pa. 2007) (citing *Allegheny Int'l*, 954 F.2d at 173-74) (citations omitted); *In re Cortuk*, 633 B.R. 236, 279 (Bankr. D.N.J. 2021); *Chitester*, No. 24-13403, 2025 WL 585270, at *3 (Bankr. D.N.J. Feb. 21, 2025). "A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity." *In re Hollars*, 198 B.R. 270, 271 (Bankr. S.D. Ohio 1996).

Here, Lakeview has properly filed a proof of claim with the required supporting evidence. *See* Fed. R. Bankr. P. 3001(c); Proof of Claim. As such, Lakeview's Proof of Claim constitutes prima facie evidence of the validity and amount of the claim. *See* Fed. R. Bankr. P. 3001(f); *Allegheny Int'l*, 954 F.2d at 173-74.

The burden shifted to the Debtor to produce sufficient evidence to negate one or more of the sworn facts in the proof of claim in order to shift the burden back to Lakeview. But the Debtor has failed to come close to satisfying this burden. Throughout the Second Amended Complaint, the Debtor focuses nearly all of his arguments and challenges on events that took place prior to the State Court Action. As previously discussed, the Debtor is precluded from challenging the Foreclosure Judgment, which on May 24, 2023 found that the Debtor was obligated to pay $198,852.15 to Lakeview. The court explained to the Debtor at the October 6, 2026, hearing that this determination must serve as the starting point for any challenge to Lakeview's Proof of Claim, as it has already been decided as of May 24, 2023, that the Debtor owes $198,852.15 to Lakeview in connection with the Mortgage. Any attempt to relitigate that determination is barred by *res judicata* and the entire controversy doctrine. In short, the amount has been fixed by the State Court and the court must give full faith and credit to the State Court Judgment. Doc. No. 11, Ex. C.

As to challenges to the Proof of Claim that the court can address – i.e., charges accruing after the Foreclosure Judgment – the Debtor has presented no evidence demonstrating why the Proof of Claim is invalid or how the accounting that Lakeview attached to the Proof of Claim is inaccurate. Notably, the Debtor admitted at the October 6, 2026, hearing that he has not made any payments toward the Mortgage since the Foreclosure Judgment was entered. He questions the numbers listed on the Proof of Claim but provides no evidence as to why they are incorrect or what he believes would be the correct amount. Doc. No. 28 at 25-27. But that is not enough, as bald assertions or conclusory statements are insufficient to rebut the presumption of validity. *Hollars*, 198 B.R. at 271.

A common theme runs throughout the Second Amended Complaint and Opposition as the Debtor appears to incorrectly believe that Lakeview bears the burden of explaining each and every

charge in excruciating detail. The court has evaluated the Proof of Claim and does not find any of the fees related to foreclosure costs to be unreasonable or excessive, considering that the Debtor and his wife, who resides with him at the Property, have been in and out of bankruptcy numerous times, thereby halting Lakeview's attempts to pursue its rights under the Foreclosure Judgment.[7] As to the inspection charges that the Debtor challenges on the basis that no one entered the Property for an inspection, Doc. No. 28, ¶193, Lakeview explained that these charges were for drive-by inspections, Doc. No. 31 at 9-10, and the court finds this explanation credible and further does not find those charges ranging from $20.00 to $30.00 to be unreasonable. *See* Proof of Claim. As stated above, the Debtor simply has not provided sufficient evidence to dispute any charge on the Proof of Claim and the court finds Lakeview's explanation of the charges credible and the court does not find the charges unreasonable. Accordingly, the Debtor has failed to rebut the prima facie validity of the Proof of Claim. The Objection to the Proof of Claim is therefore overruled and Count II must be dismissed.

## CONCLUSION

Accordingly, the Debtor's claims fail to state a claim upon which relief may be granted and/or are barred by *res judicata* and the entire controversy doctrine. The Motion is GRANTED, the Adversary Proceeding is DISMISSED WITH PREJUDICE against Lakeview, and Counts I and II are dismissed in their entirety. In addition, the Objection to Proof of Claim 8-1, Doc. No. 36 in the Main Case, is OVERRULED.

Dated: October 22, 2026 /s/ Andrew B. Altenburg, Jr., Judge
United States Bankruptcy Court

[7] In addition to the Debtor's present case and adversary proceeding, the Debtor had two previous Chapter 13 cases in 2023 and 2024, Case Nos. 23-21701-ABA and 24-22381-ABA, respectively. Both cases were dismissed for failure to pay court fees. The Debtor's wife, Carona Cushing, filed a Chapter 13 case on May 19, 2025, Case No. 25-15325-ABA, which was dismissed for failure to file documents on January 15, 2026.